ISAAC ADAIR AND ANOTHER V. L. W. COOPER.

A reward offered for the *arrest* and *delivery* of a person accused of crime, to the sheriff of a certain county, cannot be recovered by parties who have merely accompanied the sheriff of such county to another, where said officer received the prisoner from the custody of the sheriff of such other county, by whom he had been previously arrested. They had neither arrested nor delivered the accused to the sheriff.

An application for a continuance on account of the absence of the sheriff of the county, who had not been subpenaed, on the supposition " that he was bound to be at court," and which does not state that the witness was accustomed to attend the sessions of the District Court in the discharge of his duties as sheriff, nor that the applicant expected him to be in attendance, is not sufficient.

The mere fact that the witness was sheriff of the county, will not excuse the want of the ordinary diligence to procure his presence upon the trial.

APPEAL from Houston. Tried below before the Hon. R. A. Reeves.

Adair v. Cooper.

This was a suit commenced in a Justice's Court by Isaac Adair and Clinton Allen against L. W. Cooper, for one hundred dollars, the amount subscribed by the defendant to an instrument whereby the subscribers "agreed to pay the several amounts annexed to their names, for the arrest and delivery of James M. Hall to the sheriff of Houston county, for the murder of Isaac Peacock—the money to be paid when said Hall is delivered to said sheriff of Houston county, to the party or parties arresting and delivering said Hall. (Signed) L. W. Cooper, $100," together with divers other names and other sums.

Judgment in the Justice's Court was rendered against the defendant, Cooper, for the amount sued for. Said defendant applied for and obtained a *certiorari* removing the cause into the District Court.

The petition alleged that the defence relied upon in the Justice's Court was the failure of the plaintiffs to comply with the conditions of said written obligation, alleging that they had never arrested or delivered said Hall to the sheriff of Houston county. That the proof by one witness on said trial was, that the plaintiffs went in company with W. E. Hail, sheriff of Houston county, to the town of Liberty, Liberty county, where they found Hall. Near the town the plaintiffs stopped, and Hail went in, soon returned, and stated that he had conversed with Hall. Thereupon they all went in to town, and told Hall that they had come after him, who replied that he would go with them. When they reached Crockett, (Houston county,) Adair said to Hail, "Here is Hall; now I have nothing more to do with him."

Hail, the sheriff aforesaid, testified that he went with a *capias* from Houston county, accompanied by the plaintiffs, to Liberty county, to arrest J. M. Hall. When they met Hall and told him their business, he told them he was in the custody of the sheriff of Liberty county, and could not go with them. Witness saw the sheriff of Liberty county, who stated that Hall was in his custody, and searched for the *capias* under which he held him, which he was unable to find. A few minutes afterwards witness saw Hall and the plaintiffs in conversation, and heard Hall say, "Boys, I I will go with you." Witness promised Hall, if he would go.

with him without any difficulty, he should not be placed in jail until he could have a hearing upon a writ of *habeas corpus*. The defendant introduced the *capias* for the arrest of Hall, which Hail took with him to Liberty county, the return on which, signed officially by Hail, stated that he had executed it by "receiving the body of the defendant from the hands of the sheriff of Liberty county." The return of Hail to a writ of *habeas corpus* shows the same fact.

In the District Court, the plaintiffs excepted to the sufficiency of the petition for the writ of *certiorari*, for want of equity therein, and because it did not specifically charge the errors committed in the Justice's Court; and also demurred to the petition.

The plaintiffs moved the court for a continuance, "for the want of the testimony of Wilson E. Hail, a material witness for plaintiffs, who is absent without their procurement or consent. Said witness resides in this county, and affiants did not have said witness subpenaed, for the reason that he is the sheriff of said county, and affiant supposed he was bound to be at court, and that it was not necessary to serve him with a subpena to procure his attendance." The affidavit also stated that affiant knew of no other person by whom he could prove the same facts; that the application was not made for delay; and that he expected to have said testimony at the next term of the court.

The application was refused, and the plaintiffs' exceptions to the petition were overruled.

The court charged the jury, that "to entitle the plaintiffs to recover, the evidence must show that they complied on their part by arresting and delivering Hall to the sheriff of Houston county; and unless they have proved compliance on their part, the defendant would be entitled to a verdict."

On the facts proved the jury found a verdict for the defendant, on which the judgment of the court was rendered accordingly.

The plaintiffs appealed, and assigned several grounds of error, two of which only will be noticed here:—

1. The alleged error in overruling the application for a continuance.

Adair  v.  Cooper.

2. In overruling the plaintiffs' exceptions to the petition for *certiorari*.

The facts proved on the trial, and some other questions presented on the record, need not be stated, as it seems that the correctness of the judgment and other rulings of the court depend upon that of the legal proposition embraced in the charge of the court to the jury.

*W. A. Stewart,* and *Taylor & Moore,* for the appellants.

*L. W. Cooper,* in person.

BELL, J.—We are of opinion that there is no error in the judgment of the District Court. The petition for *certiorari* showed merits, and the motion to dismiss it was properly overruled. There was no valid objection to it.

The appellants did not show themselves entitled to recover a judgment on the subscription paper, which was the foundation of their suit. The evidence showed very clearly that they had not arrested the person whose arrest the subscription was intended to secure. The only ruling of the court below, which can with any plausibility be called in question, is the ruling upon the application for a continuance of the cause. The application showed no diligence; but the appellants sought to excuse the want of diligence upon the ground that the witness for the want of whose testimony the continuance was asked, was the sheriff of the county, and that it was therefore unnecessary to have him subpenaed. We think that the mere fact that the witness was the sheriff of the county does not excuse the want of the ordinary diligence to procure his presence upon the trial. The application does not state that the witness was accustomed to attend the sessions of the District Court in the discharge of his duties as sheriff, nor does it state that the party applying for the continuance expected him to be in attendance. The application states that "the affiant supposed that the witness was bound to be at court." Although it is usual for sheriffs to be in attendance upon the District Courts of their respective counties, when such courts are in

session, there may be cases where the sheriff of the county does not usually attend the court, but performs his official duties by deputy. The application for a continuance, when it does not conform to the requirements of the statute, should at least show a clear case of merits.

Judgment affirmed